UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| J.P. MORGAN SECURITIES LLC, | ) |
| Plaintiff, | ) CIVIL ACTION NO. 1:25-cv-03049 |
| v. | ) Honorable Edmond E. Chang |
| YAHAIRA FELIX, | ) |
| Defendant. | ) |

## STIPULATED PRELIMINARY INJUNCTION

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys of record for Plaintiff J.P. Morgan Securities LLC ("JPMorgan" or "Plaintiff") and Defendant Yahaira ("Defendant") as follows:

1. Defendant, and all those acting in concert with her, are preliminarily enjoined and restrained, directly or indirectly, from:

    (a) soliciting, attempting to solicit, inducing to leave or attempting to induce to leave any JPMorgan client serviced by Defendant at JPMorgan or whose name became known to Defendant by virtue of her employment with JPMorgan (or any of its predecessors in interest or affiliates), excluding only those clients Defendant formally serviced as broker of record at her prior firm and immediate family members;

    (b) and using, disclosing or transmitting for any purpose JPMorgan's documents, materials and/or confidential and proprietary information pertaining to JPMorgan, JPMorgan's employees, and/or JPMorgan's clients.

2. Notwithstanding the foregoing, nothing contained in this Stipulated Preliminary Injunction shall prohibit Defendant from processing account transfer requests or doing business with JPMorgan clients after their accounts transfer to Morgan Stanley Smith Barney LLC ("Morgan Stanley").

{03630392 1 }

3. Within five (5) business days of execution by the parties of this Stipulated Preliminary Injunction, Defendant, and all those acting in concert with her, are further ordered to return to JPMorgan or its counsel all records, documents and/or information in whatever form (whether original, copied, computerized, electronically stored or handwritten) pertaining to JPMorgan's clients, employees and business in the possession, custody and/or control of Defendant, excluding documents and/or information (a) received by Defendant after she became employed by Morgan Stanley from JPMorgan's clients, or (b) obtained from publicly available sources after she became employed by Morgan Stanley (which were not made publicly available through any conduct by Defendant, and without using any JPMorgan records, documents, and/or information in whatever form, whether original, copied, computerized, electronically stored or handwritten).

4. This Stipulated Preliminary Injunction shall continue in full force and effect until such time as a FINRA Dispute Resolution arbitration panel rules on Plaintiff's request for permanent injunctive relief (either after a hearing on the merits or pursuant to an agreement between the parties).

5. Plaintiff and Defendant further stipulate that the parties waive their right to a hearing on Plaintiff's motion for a temporary restraining order or a preliminary injunction, and that this Court need take no further action on Plaintiff's request for a temporary restraining order or a preliminary injunction, or for expedited discovery. As the merits of this dispute are required to be resolved by a FINRA arbitration panel, the Court hereby stays this matter pending a determination of the merits by a FINRA arbitration panel or as otherwise resolved by agreement of the parties.

6. Plaintiff and Defendant further stipulate that by entering into this Stipulated Preliminary Injunction, and by consenting to this Stipulated Preliminary Injunction being "So Ordered" by the Court, Defendant does not agree to or admit any liability or acknowledge any wrongdoing, nor shall entering into such Stipulated Preliminary Injunction be deemed to be an admission of any liability or acknowledgement of any wrongdoing by any party. Plaintiff and Defendant further stipulate that the Court, by "So Ordering" this Stipulated Preliminary Injunction, does not make any findings of fact or any determination as to liability, and further it is not making any findings as to whether Defendant violated her agreements with Plaintiff.

7. This Stipulated Preliminary Injunction is binding upon Defendant, her agents, and those in active concert or participation with her who receive actual notice of this Order.

8. This Stipulated Preliminary Injunction is not a decision on the ultimate merits of the dispute and is without prejudice to the rights, remedies, claims, or defenses of any party hereto, and no party hereto shall argue in the FINRA arbitration that this Stipulated Preliminary Injunction precludes the making of any substantive argument in the FINRA arbitration.

9. This Stipulated Preliminary Injunction shall not prevent the FINRA arbitration panel from issuing any order on the appropriateness of permanent injunctive relief after a hearing on the merits or by agreement of the parties.

10. Although FRCP Rule 65(c) requires that security be provided to secure a preliminary injunction, the parties waive the necessity of a bond.

This Order is issued this _____ day of March, 2025.

IT IS SO ORDERED:

_____
Edmond E. Chang
U.S. District Court Judge

Stipulated and approved as to form and substance:

RILEY SAFER HOLMES & CANCILA LLP

/s/ Alan King
_____
Alan King
Christopher L. Schaeffer
1 South Dearborn Street, Suite 2200
Chicago, Illinois 60603
Telephone: 312.471.8700
aking@rshc-law.com
cschaeffer@rshc-law.com

Attorneys for Plaintiff
J.P. Morgan Securities LLC

SARETSKY HART MICHAELS & GOULD

/s/ Brian Witus
_____
Miles Hart
Brian Witus
995 South Eton
Birmingham, MI 48009
Telephone: (248) 502-3300
MHart@saretsky.com
BWitus@saretsky.com

Mika Meyers PLC
Nathaniel R. Wolf
900 Monroe Ave.
Grand Rapids, MI 49301
Telephone: (616) 632-8046
nwolf@mikameyers.com

Attorneys for Defendant Yahaira Felix

{03630392 1 }

## **CERTIFICATE OF SERVICE**

      I certify that on March 26, 2025, Stipulated Preliminary Injunction was served by electronic mail on the following:

      Miles Hart
      Brian Witus
      Saretsky Hart Michaels & Gould
      995 South Eton
      Birmingham, MI 48009
      MHart@saretsky.com
      BWitus@saretsky.com

      Nathaniel R. Wolf, Esq.
      Mika Meyers PLC
      900 Monroe Avenue, NW
      Grand Rapids, Michigan 49503
      nwolf@mikameyers.com

      Counsel for Defendant Yahaira Felix

                  */s/ Alan King*
                  One of Plaintiff's Attorneys